RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____
BY _____

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

ROBIN HAITH, INDIVIDUALLY
AND ON BEHALF OF THE
MINOR CHILD, ARKEISE HAITH,
and SHONTE' FRANK

versus                             CIVIL ACTION NO. 03-2128
                                      JUDGE TOM STAGG

CITY OF SHREVEPORT, M.E.
CARTER, SEALY & COMPANY, INC.
and HEATHER ZAHN

## MEMORANDUM RULING*

Before the court are two motions for summary judgment, one filed by defendants Shreveport Police Officer M.E. Carter ("Officer Carter") and his employer, the City of Shreveport ("the City"), and the other filed by Heather Zahn ("Zahn") and her employer, Sealy Orleans Square, L.P. ("Orleans Square"). See Record Documents 22 and 24. Based on the following, both of the defendants' motions for summary judgment are **GRANTED**.

---

*This opinion is not intended for commercial print or electronic publication.

## I. BACKGROUND

On November 21, 2002, at approximately 4:30 p.m., a vending machine in the laundry room of the Orleans Square apartment complex was broken into and money was stolen from it. Due to recent similar break-ins, video surveillance had been set up in that area. Thus, when this incident occurred, it was captured on videotape. Zahn, the assistant manager at Orleans Square, viewed the videotape and, after consulting with four other employees of Orleans Square, concluded that the person on the videotape was the plaintiff, Robin Haith ("Haith"). Zahn then contacted Officer Carter to report the incident and informed him that it was her belief that the person seen on the videotape breaking into the vending machine was Haith.[1] Officer Carter conducted an investigation that included reviewing the tape, interviewing Zahn and the other employees who viewed the tape, and interviewing Haith and his wife. Officer Carter then concluded that probable cause existed to arrest Haith for the break-in of the vending machine.

---

[1] Officer Carter also resided at Orleans Square and was one of the courtesy officers there.

Haith and his wife and minor child filed suit in this court pursuant to 42 U.S.C. § 1983, alleging that the defendants had violated the Fourth and Fourteenth Amendments to the United States Constitution.[2] See Record Document 1. They also alleged violations of the Louisiana constitution and Louisiana Civil Code article 2315, asserting claims for false arrest, intentional and negligent infliction of emotional distress, negligence and loss of consortium, invoking this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thereafter, both sets of the defendants filed motions for summary judgment, seeking dismissal of all of the plaintiffs' claims. See Record Document 10.

## II. ANALYSIS

### A.  Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[2]The claims of Haith's wife and child necessarily arise out of the circumstances of Haith's claims. Thus, any analysis of Haith's claims is applicable to theirs and their claims cannot survive independently of Haith's.

3

law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

B. Claims Against Zahn And Orleans Square.

1. Section 1983 Liability.

For a plaintiff to state a viable claim under section 1983 against any private defendant, the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law. See Lugar

4

v. Edmondson Oil Co., Inc., 457 U.S. 922, 924, 928-32, 102 S. Ct. 2744 (1982). The Supreme Court has reiterated that the focus of the inquiry into whether a private actor can be subjected to constitutional liability is whether "such a close nexus between the State and the challenged action" exists "that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295, 121 S. Ct. 924 (2001).

Any claims under section 1983 against Zahn and Orleans Square must fail because they are clearly not state actors. Furthermore, the plaintiffs admit in their opposition to the motions for summary judgment that they "do not argue that Zahn was a state actor." Record Document 33 at 8.

2. **Louisiana Constitution.**

Louisiana courts have specifically held that sections 2, 3 and 5 of the Louisiana Constitution do not apply to private individuals. See Country Club of La. Prop. Owner's Ass'n, Inc. v. Dornier, 96-0898 (La. App. 1 Cir. 2/14/97), 691 So.2d 142; State v. Coleman, 466 So.2d 68 (La. App. 2d Cir. 1985); McCrory v. Rapides Reg'l Med. Ctr., 635 F.Supp. 975 (W.D. La. 1986), aff'd, 801 F.2d 396 (5th Cir. 1986); Brennan v. Bd. Of Trustees for Univ. of La. Sys., 95-2396 (La.

App. 1 Cir. 3/27/97), 691 So.2d 324, 328. As this court has determined that Zahn and Orleans Square were not state actors, any claims against them pursuant to the Louisiana Constitution must also fail.

C.  **Claims Against Officer Carter And The City.**

   1.  **Qualified Immunity.**

Haith alleges that the defendants violated his right to be free from illegal arrest, as secured by the Fourth and Fourteenth Amendments. This is a clearly established constitutional right. See Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir. 1995) (acknowledging the "right under the Fourth and Fourteenth Amendments to be free from . . . false arrest"); Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 278 (5th Cir. 1992) ("An individual has a federally protected right to be free from unlawful arrest and detention resulting in a significant restraint of liberty and violation of this right may be grounds for suit under 42 U.S.C. § 1983"); Fields v. City of South Houston, Tex., 922 F.2d 1183, 1189 (5th Cir. 1991). Whether an arrest is illegal, however, hinges on the absence of probable cause. See Baker v. McCollan, 443 U.S. 137, 144-45, 99 S. Ct. 2689, 2694-95 (1979).

As his main defense, Officer Carter asserts qualified immunity, the standard for which was explained in Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982): "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Because Haith has alleged the violation of a clearly established constitutional right, the inquiry moves to whether the conduct of the public official was objectively reasonable in light of the information the officer possessed and the law "clearly established" at the time of his actions. See Sanchez v. Swyden, 139 F.3d 464, 467 (5th Cir. 1998); see also Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993) (holding that an officer who violates a constitutional right is nonetheless entitled to qualified immunity so long as the officer's conduct was objectively reasonable). Thus, the court's analysis moves to the question of the objective reasonableness of Officer Carter's actions.

Whether conduct is objectively reasonable depends upon the circumstances confronting the official as well as the "clearly established law" in effect at the time of the actions. See Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034,

3039-40 (1987). The subjective intent of the public official is irrelevant, and the official's knowledge of the relevant law need not rise to the level of a "constitutional scholar." See Harlow, 457 U.S. at 815-17, 102 S.Ct. at 2736-38; Babb v. Dorman, 33 F.3d 472, 478 (5th Cir. 1994).[3]

The court looks to the totality of the circumstances to determine whether probable cause existed at the time of the arrest. See Illinois v. Gates, 462 U.S. 213, 241, 103 S.Ct. 2317, 2334 (1983). At the moment of arrest, the officer must have knowledge of facts and circumstances grounded in reasonably trustworthy information to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested. See Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964); United States v. Antone, 753 F.2d 1301, 1304 (5th Cir. 1985). Even a law enforcement officer who reasonably but mistakenly determines that probable cause exists is entitled to qualified immunity. See

---

[3] This two-part test is based upon a firm policy foundation. The Supreme Court has expressed concern that expansive civil liability for actions taken while on duty may cause police officers to hesitate before acting. See Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986). Balanced against these concerns is the right of injured persons to receive redress for a violation of their constitutional rights. See Butz v. Economou, 438 U.S. 478, 504-07, 98 S.Ct. 2894, 2909-11 (1978).

Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000) (citations omitted). "Thus, a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause. On the other hand, 'if officers of reasonable competence could disagree on this issue, immunity should be recognized.'" Id. (citations omitted).

Officer Carter responded to a complaint regarding theft of money from a vending machine. He was informed by the complainant that she, and others, believed that the person on the video that captured the break-in looked like Haith. Based on these undisputed facts, Officer Carter had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense had been committed by Haith.[4] In this case, Officer Carter determined that probable cause to arrest Haith existed by virtue of his interviews with employees of Orleans Square, who were all vaguely familiar with Haith and

---

[4]The court notes that Haith was arrested and charged with felony theft and felony property damage. The charges were later downgraded to misdemeanor charges. At the criminal trial in Shreveport City Court, the prosecutor failed to have the videotape prepared for presentation as evidence and the judge dismissed the charges. The Fifth Circuit, however, has stated that a section 1983 plaintiff's acquittal in a criminal trial is of "no consequence" as to the probable cause determination. Babb v. Dorman, 33 F.3d 472, 479 (5th Cir. 1994).

who all expressed their opinion that the person on the videotape looked like Haith. In addition, these same people also expressed their opinions that part of the reason they believed the person on the videotape was Haith was because of the mannerisms displayed on the tape.

As Officer Carter was responding to a complaint made by a person identifying the perpetrator, supported by four others who thought that the person on the video at least "looked like" Haith,[5] a reasonable officer could have believed, in light of this information and the totality of the circumstances, that probable cause existed to arrest Haith. "The Constitution does not guarantee that only the guilty will be arrested. If it did, section 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137,

---

[5] Haith attempts to create a genuine issue of material fact by contending that the Orleans Square employees did not specifically identify him as the person on the videotape but instead only stated that the person "looked like" him. Additionally, Haith points to the fact that when Officer Carter questioned Haith's wife about the break-in, she indicated that Haith was with her at the time of the vandalism (specifically, that he was picking her up from work at the time). See Record Document 33, Ex. 6 and Ex. 7 at 22. Haith also denied being involved in the crime when questioned by Officer Carter. These facts, although relevant, do not detract from Officer Carter's ultimate conclusion of probable cause when considered in light of the totality of the circumstances.

144-45, 99 S. Ct. 2689, 2694-95 (1979). The court determines that, as matter of law, there was sufficient evidence to meet the probable cause standard to arrest Haith. Accordingly, Officer Carter is entitled to qualified immunity.

**2.  State Law Claims.**

False arrest or imprisonment occurs when one arrests and restrains another against his will without warrant or other statutory authority. See Harris v. Eckerd Corp., 35,135, pp. 4-5 (La. App. 2 Cir. 9/26/01), 796 So.2d 719, 722. An officer may arrest a person without a warrant when the officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer. See La. C. Cr. P. art. 213. Reasonable cause has been judicially recognized as equivalent to probable cause. Probable cause or reasonable cause for arrest as required by Louisiana Code of Criminal Procedure article 213(3) exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to justify an average man of caution in the belief that an offense has been committed. See Wolfe v. Wiener Enter. Inc., 94-2409, p. 3 (La. 1/13/95), 648 So.2d 1293, 1295. The facts need not eliminate all possible innocent explanations in order to support a

finding of probable cause. See Gibson v. State of La., 99-1730 (La. 4/11/00), 758 So.2d 782, 789.

Haith's claims for false arrest and false imprisonment fail as a matter of law because this court has determined that probable cause existed to arrest him. See Tabora v. City of Kenner, 94-613 (La. App. 5 Cir. 1/18/95), 650 So.2d 319, 322-23 (holding that an essential element of claims under Louisiana law of false arrest and false imprisonment is a lack of probable cause); Kyle v. City of New Orleans, 353 So.2d 969, 972 (La. 1977).

D. Analysis As To All Defendants.

1. Conspiracy.

"The elements of civil conspiracy are (1) an actual violation of a right protected under Section 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999), abrogated on other grounds, Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc). Haith has presented no evidence to suggest that Zahn had anything to do with the decision to arrest him, other than to make a complaint and state her opinion that it was Haith on the videotape that had captured

the crime. There is simply no evidence that there was any conspiracy. As a result, Haith has failed to satisfy the second element of civil conspiracy.

In addition, a civil conspiracy requires "an overt tortious act in furtherance of the agreement that causes injury." Beck v. Prupis, 529 U.S. 494, 503, 120 S. Ct. 1608, 1615 (2000). Haith's arrest was not unlawful because this court has determined that probable cause existed. The evidence before the court in conjunction with the motions for summary judgment and the opposition clearly demonstrate that Zahn and Officer Carter acted in good faith and had no intent or agreement to inflict any wrong.

In Bartholomew v. Lee, 889 F.2d 62 (5th Cir. 1989), the plaintiffs were arrested for creating a disturbance in a shopping mall. They then asserted a claim against the mall, alleging that its security guards acted in concert with parish deputies. Summary judgment was granted in favor of the mall, with the Fifth Circuit holding that there was "no evidence whatever demonstrating the existence of a customary or preconceived plan by which the mall defendants could have persons detained merely by designating them to the police." Id. at 63.

Similarly, in the instant case, the plaintiffs have presented no evidence of a preconceived plan. The court recognizes that there need not be an express or explicit agreement to prove a conspiracy. However, there is no evidence presented to create a genuine issue of material fact as to whether a conspiracy existed.

2. **Emotional Distress.**

   a. **Intentional Infliction Of Emotional Distress.**

Haith also stated causes of action under Louisiana law for intentional infliction of emotional distress and negligent infliction of emotional distress. Haith alleges that he has suffered emotional distress that rises to an actionable level. The defendants argue that Haith's claim of intentional infliction of emotional distress must be dismissed, as none of the conduct that occurred was sufficiently outrageous to support a claim for intentional infliction of emotional distress. As the motion is one for summary judgment, the court looks to see if Haith can provide evidence that establishes a genuine issue of material fact as to his claim. He has not met this burden.

For Haith to recover for intentional infliction of emotional distress, he must establish (1) that the conduct of the defendants was extreme and outrageous; (2) that

his emotional distress was severe; and (3) that the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.  See LaBove v. Raftery, 00-1394 (La. 11/28/01), 802 So.2d 566, 577 (quoting White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991)); Nicholas v. Allstate Ins. Co., 99-2522 (La. 8/13/00); 765 So.2d 1017.  In White, the court explained:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.  Not every verbal encounter may be converted into a tort; on the contrary, "some safety valve must be left through which irascible tempers may blow off relatively harmless steam."

Id. at 1209, quoting Restatement (Second) of Torts § 46, comment d; Prosser and Keaton, The Law of Torts, § 59 (5th ed. 1984); see also Deus v. Allstate Ins. Co., 15 F.3d 506, 514 (5th Cir. 1994).  The Louisiana Supreme Court in Nichols elaborated upon this, stating that

15

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that this conduct has been characterized by "malice" or a degree of aggravation which would entitle plaintiff to punitive damages for another tort.

Nicholas, 765 So.2d at 1022.

Haith cannot prevail on this claim because he has not provided any evidence that any of the conduct of any of the defendants was extreme and outrageous. Haith has only submitted vague and conclusory allegations in this regard, and nowhere in the record is any support given for this claim. Furthermore, Haith does not allege, and there is no evidence to suggest, that any of the defendants ever intentionally and systematically set out to humiliate, degrade, embarrass, abuse, harass, or otherwise harm him. Haith simply has not met his burden as to this claim.

### b. Negligent Infliction Of Emotional Distress.

A plaintiff may recover for the unintentional or negligent infliction of emotional distress unaccompanied by physical injury. See Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La. 1990); Succession of Harvey v. Dietzen, 97-2815 (La. App. 4 Cir. 6/24/98), 716 So.2d 911. To assert a cause of action for

negligent infliction of emotional distress, there must be proof that the defendant violated some legal duty owed to the plaintiff, who must also meet the heavy burden of proving outrageous conduct by the defendant. See Succession of Harvey, 716 So. 2d at 914. Thus, Haith would be required to present evidence showing that the defendants owed him a duty which was breached by outrageous negligent conduct. As explained above, Haith cannot meet this heavy burden. There was no outrageous conduct committed by any of the defendants in this case.

### 3. Negligence.

Haith also makes a reference to a claim for negligence pursuant to Louisiana law. To impose liability under Louisiana Civil Code article 2315 for negligence, Louisiana courts undertake a duty-risk analysis. Under the duty-risk analysis, a plaintiff must prove:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

17

See Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La. 4/3/02), 816 So. 2d 270, 275-76. Under the duty-risk analysis, all elements must be affirmatively answered for the plaintiff to recover. See LeJeune v. Union Pac. R.R., 97-1843 (La. 4/18/98), 712 So.2d 491.

None of the conduct by any of the defendants was in any way negligent. A crime had been committed and Zahn acted reasonably in her reaction to that crime by reporting it and indicating her belief as to the perpetrator, as did Officer Carter by following up on the information he received.

4.  **Vicarious Liability.**

Employers are vicariously liable for the torts committed by their employees in the course and scope of employment. However, if an employee is not liable for his or her actions, "no other entity would have vicarious liability as a result of those actions." McCoy v. City of Monroe, 32,521 (La. App. 2. Cir. 12/8/99); 747 So.2d 1234, 1241. As noted above, Haith has not produced summary judgment evidence establishing that anyone engaged in any tortious conduct. Consequently, vicarious liability can not attach to an employer for such claims.

## III. CONCLUSION

Viewing the totality of the circumstances surrounding the critical issues in this dispute, the court is of the firm opinion that the mere fact that Haith was not convicted by the City Court does not serve to leverage his several complaints into a violation of his state or federal civil rights.

As this court has found that the plaintiff has failed to state valid claims for violations of any constitutional rights or any state-law claims, the defendants' motions for summary judgment are **GRANTED**. All of the plaintiffs' claims against all defendants are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of September, 2005.

JUDGE TOM STAGG